IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,   :

    Plaintiff,   :

  v.   :   Case No. 2:06-cr-214(01)

Christopher Raymond Vale,   :   JUDGE MARBLEY

    Defendant.   :

DETENTION ORDER

    The above defendant appeared before the Court for a detention hearing on November 21, 2006.  Following the hearing, the Court ordered the defendant detained without bond pending further proceedings.  The purpose of this order is to set forth in writing the reasons for that decision.

    The defendant was indicted on multiple drug-related charges, including, as the most serious charge, the distribution of more than 50 grams of cocaine base.  That charge carries a minimum ten-year sentence up to a maximum of life imprisonment.  The United States' request for detention was based primarily upon a presumption which arises from such an indictment.

    <u>Legal Standard Applicable</u>.  The United States' request for detention is based primarily upon the presumption that arises under 18 U.S.C. §3142(e) for persons charged with serious drug offenses and certain firearm offenses.  That statute states, in pertinent part, that:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an

>           offense for which a maximum term of
>           imprisonment of ten years or more is
>           prescribed in the Controlled Substances
>           Act (21 U.S.C. 801 et seq)...[or] an
>           offense under section 924(c)...of this
>           title...."

Under 18 U.S.C. §3142(f), if detention is based upon facts supporting a finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community, such facts must be proved by clear and convincing evidence.  However, if detention is based upon a finding that no condition or combination of conditions will reasonably assure the appearance of the person as required, proof by a preponderance of the evidence is sufficient.

   The proper effect to be given to the rebuttable presumption created by a charge under the Controlled Substances Act is discussed in United States v. Jessup, 757 F.2d 378 (1st Cir. 1985).  There, the Court indicated that the presumption shifts the burden of producing evidence to the defendants, and also remains in the case even after the defendants have satisfied their production burden.  Further, because the history of the statute indicates that Congress had in mind a specific set of circumstances relating to drug offenses which led to the adoption of the rebuttable presumption, it is appropriate for a Court addressing the issue of detention to determine how closely the facts of the case before the Court parallel those of the "Congressional paradigm," or profile of those drug offenders who present the most serious risk of flight or danger to the community.  That paradigm, in brief, indicates a Congressional awareness of the lucrative nature of drug trafficking, and the fact that many persons engaged in that occupation have substantial ties outside the United States.  Consequently, even if a high monetary bond is set for such persons, they are able, through the use of proceeds derived from drug trafficking, to post such bond, and are also able to flee the country because of

their contacts elsewhere.

In order to attempt to rebut the presumption of detention arising from charges under the Controlled Substances Act or other applicable statute, the defendant need not attempt to prove that he or she did not commit the crime as charged.  Rather, that burden can be met by introducing evidence of other appropriate factors as described in 18 U.S.C. §3142(g), including personal history and characteristics relating to character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance in court proceedings.  If any such evidence is introduced, the presumption cannot be used by the Court as conclusive evidence that the defendant poses an unacceptable risk to the community or that conditions will not reasonably assure the defendant's appearance.  <u>United States v. Dominguez</u>, 783 F.2d 702 (7th Cir. 1986).  However, that presumption still remains in the case to be given whatever weight the Court deems appropriate.

Additional information was provided in the Pretrial Services Report.  The defendant has lived in Columbus for most of his life.  He has been involved in a serious relationship for the past six years and has a three-month old son from that relationship.  He also has another son whom he does not visit.  He had been employed for several weeks before the indictment, but over the past five or six years has been employed infrequently.  He has a fairly extensive juvenile and adult criminal record, having been adjudicated a delinquent minor in response to a felony possession of drugs charge, and having been convicted of felony drug possession on three occasions while an adult.  He also has a conviction of attempted receiving stolen property, and he has served time in jail.  His criminal record also indicates a number of failures to appear in court as well as a number of violations of pretrial release orders.  Although the defendant advised Pretrial Services that he had not used drugs in the last

seven years, it was indicated at the detention hearing that his numerous possession of drugs convictions are related to a substance abuse problem.

In this case, there is little evidence to rebut the presumption that the defendant should be detained.  He has a poor work history, as well as a lengthy criminal history which involves drug-related offenses.  He has apparently failed to comply with release conditions in the past.  Given the circumstances, his ties to the community do not outweigh the presumption that he is both a danger to the community and a risk of flight.  Consequently, the Court ordered him detained without bond pending further proceedings.

The defendant was advised of his right to seek review of this Detention Order by a United States District Judge pursuant to 18 U.S.C. Section 3145(b).

/s/ Terence P. Kemp
United States Magistrate Judge